M. F. GALVIN ET AL. V. JULIA B. GAUSSEN.

COLLECTION AND ENDORSEMENT OF CHECK FOR SUBSTANTIAL SUM OF MONEY AND CONTAINING STATEMENT RECEIPTING IN FULL DEEMED PAYMENT.

A check for a substantial amount of money, on which is the statement "in full for all claims or demands for services rendered up to date," endorsed by payees and the amount thereof collected, justifies a finding of payment in full of a disputed account for services rendered on an alleged contract not established by proof.

ERROR to Hamilton common pleas court.

**J. D. Creed,** for plaintiff in error.

**W. T. Porter,** for defendant in error:

Where a claim is in dispute and the debtor sends or gives the creditor a check for a less sum which he declares to be in full payment of all demands the retention thereof by the creditor constitutes an accord and satisfaction. 1 Cyc. 333; *Ostrander v. Scott,* 161 Ill. 339 [43 N. E. Rep. 1089]; *Golden v. Illuminating Co.* 114 Mich. 625 [72 N. W. Rep. 622]; *Eames Vacuum Brake Co.* v. *Prosser,* 157 N. Y. 289 [51 N. E. Rep. 986]; *Washington Nat. Gas Co.* v. *Johnson,* 123 Pa. St. 576 [16 Atl. Rep. 799; 10 Am. St. Rep. 553]; *Nassoiy v. Tomlinson,* 148 N. Y. 326 [42 N. E. Rep. 715; 51 Am. St. 695]; *Brown-Ketcham Iron Wks.* v. *Hazen,* 24 O. C. C. 681 (4 N. S. 582); *Sims v.*

*Lumber Co.* 135 Fed. Rep. 1019 [68 C. C. A. 413]; *Brice* v. *United States,* 32 Ct. Cl. 23; *Hand Lumber Co.* v. *Hall,* 147 Ala. 561 [41 So. Rep. 78]; *Snow* v. *Griesheimer,* 220 Ill. 106 [77 N. E. Rep. 110]; *Miller* v. *Mutual Reserve,* 113 Ill. App. 481; *Beaver* v. *Porter,* 129 Iowa 41 [105 N. W. Rep. 346]; *Wheeler* v. *Baker,* 132 Mich. 507 [93 N. W. Rep. 1069]; *Hillestad* v. *Lee,* 91 Minn. 335 [97 N. W. Rep. 1055]; *Pollman & Bros. Coal & Sprinkling Co.* v. *St. Louis,* 145 Mo. 651 [47 S. W. Rep. 563]; *Chamberlain* v. *Smith,* 110 Mo. App. 657 [85 S. W. Rep. 645]; *Massillon Engine & Thresher Co.* v. *Prouty,* 65 Neb. 496 [91 N. W. Rep. 384]; *People* v. *Buffalo State Asylum,* 96 N Y. 640; *Kelly* v. *Bullock,* 94 N. Y. Supp. 517; *Hussey* v. *Crass,* 63 S. W. Rep. 986 (Tenn.); *St. Regis Paper Co.* v. *Board & Paper Co.* 186 N. Y. 563 [79 N. E. Rep. 1115].

## SMITH, J.

From an examination of the evidence and the entire record in this case, we are of opinion that the judgment of the court below should be affirmed.

As we view the case, it was an action to recover for services claimed to have been rendered by the plaintiffs in error and items of cash paid out by them for the defendant in error under a certain contract between the parties. Defendant in error denied this contract and set up payment in full.

The evidence at the trial showed the amount claimed was disputed, and a check was given by the defendant for a less amount than was claimed, the check having upon it "in full for all claims or demands for services rendered to date."

The contentions of both sides were fairly left to the jury and we find no error committed by the court either in its general charge or in giving the special charge asked by the defendant or in refusing charge number three asked by the plaintiffs in error.

The other errors complained of by plaintiffs in error as to the court declining to notice alleged misconduct of attorney for the defendant in error, if there was such misconduct, and refusing to eliminate certain testimony offered in the case relative to the suit involving the constitutionality of the Harrison avenue viaduct act, if errors at all, we do not think were prejudicial.

The question was, what was the contract between the parties, if there was a contract, and, second, was the matter in dispute settled between them and payment made in full?

We think the proof showed that the matters in dispute between the

Galvin v. Gaussen.

parties had been settled and under the law the payment of the $300 by the defendant to the plaintiffs would discharge the defendant.

Judgment is affirmed.

**Swing** and **Giffen, JJ.,** concur.